HEARD NOVEMBER TERM, 1879.

CASE No. 793.

J. G. WILLIAMS v. D. RICHARDSON.

Where commissioners to take testimony certify, in their return, that under the instructions contained in the commission, they have qualified each other and also the witness, whose signature is appended to his deposition, the commission is competent testimony, although the form of the oath taken by the commissioners and witness, and their signatures thereto, and the jurat, are omitted.

---

Before ALDRICH, J., Newberry, May, 1879.

Action on note. Defendant offered in evidence testimony taken by commission. When the commission was opened plain-

tiff's counsel objected to the answers being read, on the ground that, so far as appeared to the court, the commissioners had not sworn to the printed oath on the commission or subscribed to the same, and that there was no record showing that the witness had been sworn. The witness subscribed his name at the end of his answers and the commissioners put the following certificate at the bottom of that:

" We, the undersigned commissioners, certify that by virtue of the authority vested in us by the commission hereunto annexed, we have this day summoned the witness, Dr. B. W. Bledsoe, before us, and after qualifying, each the other, proceeded to qualify him, the said Bledsoe, and to take down his depositions, according to instructions contained in said commission, and that, after being taken down, they were read in his hearing, and that he subscribed to the same in our presence.

" REUBEN JONES,       [L. S.]

" THOMAS W. CASKIE,   [L. S.]

" W. T. HUFF,       . [L. S.]

" *Commissioners.*

" This May 1st, 1876."

The presiding judge sustained the objection, and the defendant excepted and appealed to this court for a new trial.

*Mr. L. J. Jones,* for appellant.

*Mr. J. M. Baxter,* for respondent, contended that the examination of witnesses by commission was by virtue of a statute and in derogation of common law; and being an authority delegated by the court, must show exact conformity. 4 *Dall.* 410 ; 1 *Wash. C. C.* 43. Commissioners must take *the* oath, not *an* oath, and the record must show it. They may have misconstrued their instructions, and the record should enable us to determine.

January 7th, 1880. The opinion of the court was delivered by

WILLARD, C. J. The only exception in this case raises the question whether the return to a commission to take testimony is invalid where the commissioners fail to return the form of oath taken by them, with their signatures and jurat thereto. We

are not pointed to any statute rendering the return of the form of oath requisite, and therefore cannot hold that there has been any failure to comply with the requirements of the statute in this respect. It appears by the return of the commissioners that they were duly qualified in the manner prescribed by the commission, each administering the oath to the other. This was all that the statute or the terms of the commission required, and the commission must be regarded as fully executed and the return competent as testimony in the case.

The Circuit Court excluded the commission; the judgment must, therefore, be set aside and a-new trial ordered.

New trial granted.

McIVER, A. J., concurred.